**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| RONNIE THOMPSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 2:13-CV-133-RWS |
| FEDERAL HOME LOAN : | |
| MORTGAGE CORPORATION : | |
| and OCWEN LOAN SERVICING, : | |
| LLC, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss [4]. After reviewing the record, the Court enters the following Order.

**Background[1]**

This case arises out of the foreclosure sale of real property located at 203 Giles Road, Winder, Georgia 30680 ("Property"). (Compl., [1-1] ¶ 6.) On or about May 24, 2002, Plaintiff obtained a home mortgage loan from

---

[1] As the case is before the Court on a motion to dismiss, the Court accepts as true the facts alleged in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

AO 72A
(Rev.8/82)

Countrywide Home Loans, Inc. ("Countrywide") in the amount of $90,000. (Note, [1-1] at 13.) To secure repayment of the loan, Plaintiff executed a promissory note in favor of Countrywide ("Note") and a Security Deed naming Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide, which was recorded in the real property records of Barrow County, Georgia ("Security Deed"). (Compl., [1-1] ¶ 7.)

On June 12, 2002, Defendant Freddie Mac purchased the loan from Countrywide and became the owner of the Note. (Id. ¶ 8.) Defendant Ocwen mailed Plaintiff a letter on or about June 28, 2012, stating that it would begin servicing Plaintiff's loan. (Id. ¶ 10.) On September 25, 2012, MERS assigned the Security Deed to Ocwen. (Assignment, [1-1] at 31; Compl., [1-1] ¶ 11.)

Plaintiff states that he became unable to continue paying the loan and requested modification of his mortgage in September 2012. (Compl., [1-1] ¶ 13.) Ocwen sent Plaintiff a notice of foreclosure sale via certified mail to Plaintiff's home address on September 13, 2012. (Notice of Foreclosure Sale, [4-2] at 3.) Plaintiff, however, did not receive the certified letter, and it was returned unclaimed to Ocwen on October 5, 2012. (Id. at 9; see also Compl., [1-1] ¶ 15.) Ocwen informed Plaintiff of the planned foreclosure sale in a telephone call on October 8, 2012, but Plaintiff states that neither he nor his

2

tenant received notice of foreclosure, and they were not "notified of any attempted delivery of notice of the foreclosure sale by either registered or certified mail or by an overnight delivery service." (Compl., [1-1] ¶¶ 14-15.) Finally, Ocwen sold the Property to Freddie Mac in a foreclosure sale on November 6, 2012. (Deed Under Power, [1-1] at 34.)

On February 19, 2013, Freddie Mac commenced dispossessory proceedings against Plaintiff. (Compl., [1-1] ¶ 23.) The Magistrate Court of Barrow County, Georgia, entered a judgment in favor of Freddie Mac on March 5, 2013. (Id. ¶ 25.) Plaintiff has appealed the judgment to the Superior Court of Barrow County, Georgia. (Id. ¶ 26.)

Plaintiff filed the instant Complaint challenging Defendants' right to foreclose on the Property and alleging the following: (1) Defendants failed to provide Plaintiff with statutory notice of the foreclosure sale thirty days prior to November 6, 2012, in violation of O.C.G.A. § 44-14-162.2(a); (2) Defendants violated O.C.G.A. § 44-14-162.2(a) by failing to identify Freddie Mac as the secured creditor and failing to indicate Ocwen as an agent on Freddie Mac's behalf; and (3) Ocwen lacked the authority to institute foreclosure proceedings because it only possessed the Security Deed while Freddie Mac held the Note. (Id. ¶¶ 28-36.)

3

Defendants now move to dismiss the Complaint [1-1] under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Defs.' Mot. to Dismiss, [4].)  Plaintiff has failed to file a response to Defendants' Motion, so it is deemed unopposed.  See LR 7.1(B), N.D. Ga. ("Failure to file a response shall indicate that there is no opposition to the motion.").

## Discussion

### I. Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

4

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also FED. R. CIV. P. 12(d). However, documents attached to a complaint are considered part of the complaint. FED. R. CIV. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court

5

may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'Undisputed' means that the authenticity of the document is not challenged." Id.

## II. Analysis

### A. Failure to Send Notice of Foreclosure Sale

Plaintiff is correct that O.C.G.A. § 44-14-162.2(a) requires a secured creditor to send notice of the initiation of foreclosure proceedings "by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate" no later than thirty days before the proposed foreclosure sale. However, Georgia law holds that "the actual receipt (or want of receipt) by the grantor of the notice of sale under power is immaterial to the right of the grantee to sale under power." McCollum v. Pope, 411 S.E.2d 874, 874 (Ga. 1992); see also Jackson v. Bank One, 652 S.E.2d 849, 850 (Ga. Ct. App. 2007) (sending notice of foreclosure sale to nonexistent address did not render notice inadequate, even though debtor did not receive actual notice, because the nonexistent address was listed on both the note and security deed as the property address).

6

Plaintiff states that the Property serves as his home address. (Compl., [1-1] ¶ 6.) Ocwen sent the notice via certified mail to Plaintiff's home address on September 13, 2012, well over thirty days before the date of the foreclosure sale. (Notice of Foreclosure, [4-2] at 3-4.) Ocwen's notice "was therefore reasonably calculated to apprise [Plaintiff] of the foreclosure." Jackson, 652 S.E.2d at 850. The fact that Plaintiff neither received notice nor was "notified of any attempted delivery of notice" is not sufficient to show invalid notice under Georgia law. (Compl., [1-1] ¶ 15.)

B.   Inadequate Notice of Foreclosure Sale

Plaintiff next alleges that Defendants failed to identify the proper secured creditor in the foreclosure notice. (Id. ¶¶ 30-31.) Ocwen was identified as the secured creditor, but Plaintiff states that Ocwen was not the secured creditor within the meaning of O.C.G.A. § 44-14-162.2(a). Instead, Plaintiff alleges that Freddie Mac was the secured creditor because it held the Note. (Id. ¶ 33.)

The Georgia Supreme Court recently clarified who must be identified in a foreclosure notice. In You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428 (Ga. 2013), the Court held that the statute requires only that the entity with full authority to negotiate, amend, and modify the mortgage be identified. Id. at 433. It elaborated:

7

> If that individual or entity is the holder of the security deed, then the deed holder must be identified in the notice; if that individual or entity is the note holder, then the note holder must be identified. If that individual or entity is someone other than the deed holder or the note holder, such as an attorney or servicing agent, then that person or entity must be identified. The statute requires no more and no less.

Id. at 433-34.  The Court also held that "the required notice need not expressly identify the foreclosing party as the 'secured creditor.' "  Id. at 434 n.7.

Here, the foreclosure notice identified Ocwen as the entity with "full authority to negotiate, amend, and modify all terms of the mortgage with the debtor."  (Foreclosure Notice, [4-2] at 4.)  The notice also included Ocwen's contact information.  (Id.)  The Court finds that the notice requirements were satisfied.

### C. Failure to Record Security Deed

Plaintiff further alleges that Ocwen lacked the authority to institute foreclosure proceedings because the Security Deed was improperly assigned and recorded in its favor.  (Compl., [1-1] ¶¶ 34.)  According to Plaintiff, the Security Deed should have been recorded in favor of Freddie Mac, the Note holder and "true secured creditor."  (Id. ¶ 36.)  The Supreme Court also addressed this issue in You:

8

> Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.

Id. at 433. Accordingly, the assignment of the Security Deed from MERS to Ocwen permitted it to exercise the power of sale under the Security Deed even though Ocwen did not also hold the Note. For the reasons stated above, Plaintiff is unable to state a claim for wrongful foreclosure, and Defendants' Motion to Dismiss [4] is **GRANTED**.

## Conclusion

In accordance with the foregoing, Defendants Freddie Mac and Ocwen's Motion to Dismiss [4] is **GRANTED**.

**SO ORDERED**, this __12th__ day of December, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)